# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CIVIL ACTION NO.: 4-11-CV-38 ( CDL) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| $21,175.00 IN UNITED STATES ) | |
| FUNDS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| TERRANCE DURR, ) | |
| Claimant. ) | |

## DEFENDANT / CLAIMANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT

### I. INTRODUCTION

*Statement of Case*

On or about October 30, 2010 the Claimant, Terrance Durr (hereinafter referred to as Mr. Durr), and Mr. Jerry Lett (hereinafter referred to as Mr. Lett) were traveling to Atlanta, Georgia from Ozark, Alabama. *(See attached Exhibit A, Deposition of Mr. Durr, L. 5-25)*. The purpose of Mr. Durr's travel to Atlanta was to inquire about his rental home, which was currently in foreclosure. *(See attached Exhibit A, L. 13-25)* While on their way to Atlanta, the vehicle that Mr. Durr and Mr. Lett were traveling in was stopped by Deputy Drew Crane of the Harris County Sheriff's Department. *( See Verified Complaint at ¶ 8)*.

Deputy Crane approached the vehicle and asked Mr. Lett for his driver's license and proof of insurance, which Mr. Lett provided. *(See Verified Complaint at ¶ 11)*. Deputy Crane also

asked Mr. Durr for his driver's license. (*See attached Exhibit B Deposition of Mr. Durr*, L. 1-18). Mr. Durr did not have a current driver's license because of his previous DUI conviction, but did have an old identification card and/or license. *(See attached Exhibit B*, L. 1-18). Deputy Crane asked and received consent from Mr. Lett to search the vehicle. *(See Verified Complaint at ¶ 21).* Additionally, Deputy Crane asked and received consent from Mr. Durr to search his person. *(See Verified Complaint at ¶ 22)* During the search, Deputy Crane recovered United States currency in Mr. Durr's pocket and under the passenger's seat, all of which belongs to Mr. Durr. *(See Verified Complaint at ¶¶ 23 and 26).* It should be noted that no drugs and/or drug paraphernalia were found in the vehicle, on Mr. Durr or Mr. Lett, nor was Mr. Durr or Mr. Lett arrested for any crime. *(See attached Exhibit C, Deposition of Deputy Crane,* p. 1, L. 3-25; p. 2. L. 4-18; p. 3, L. 1-11).

## II.  DISCUSSION

### A.  The Summary Judgment Standard

A motion for summary judgment is authorized under federal law. *See Fed. R. Civ. Proc. 56.* It permits a court to make a finding that there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Even if an entire case is not capable of being resolved by summary judgment, the Court is empowered to enter a summary adjudication on those issues. *See Fed. R. Civ. Proc.* 56(d); *United States v. Route 2, Box 472, 136 Acres More or Less,* 60 F.3d 1523, 1526 (11th Cir. 1995). A summary judgment is based on declarations or affidavits of witnesses with personal knowledge of the facts, and other admissible evidence, including civil discovery responses to interrogatories, depositions, and request for admissions. *See Fed. R. Civ. Pro.* 56(e). A responding party must vigorously defend the motion and not merely deny allegations in the pleadings but present affidavits or other evidence containing specific facts demonstrating that

there is a genuine issue for trial, or judgment will be entered against him. *See Fed. R. Civ. Pro. 56(e).* Conclusory assertions and mere denials do not raise genuine issue of fact, and a party opposing summary judgment "must present affirmative evidence." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986); *United States v. One Parcel of Property Located at 15 Black Ledge Drive Marlborough, Connecticut,* 897 F.2d 97, 101 (2d Cir. 1990). To be material, a genuine issue must relate to facts that, if proved, would as a matter of law, enable the party opposing summary judgment to prevail on the merits of the case. *See United States v. Real Property in Mecklenburg County,* 814 F. Supp. 468 473 (W.D. N.C. 1993).

**B. There is insufficient nexus between the money taken from Mr. Durr and criminal activity.**

A claimant need only establish affirmative defenses by a preponderance of the evidence. *See United States v. One Parcel (2526 Faxon Avenue),* 145 F. Supp. 2d 942, 951. One method of defeating a forfeiture action is by demonstrating that there is insufficient evidence to prove that the property was involved in criminal activity. *See United States v. $557,933.89 More or Less in U.S. Funds,* 287 F.3d 66, 77 (2d Cir. 2002). Unless there is a nexus between the seized property and the alleged criminal activity, the forfeiture will fail. *See United States v. $30,060.00,* 39 F.3d 1039, 1044 (9th Cir. 1994).

Mr. Durr has a rental property in Atlanta that is currently in foreclosure. *(See attached Exhibit A,* L. 5-25 and *attached Exhibit I* ). Mr. Durr's father and grandmother also have rental homes in Atlanta as well. *(See attached Exhibit D, Deposition of Mr. Durr,* L.11-18). Mr. Durr's sole intention in traveling to Atlanta was to ascertain the status on his rental home and to remove it from foreclosure. *(See attached Exhibit A,* L. 5-25 and *Exhibit D,* L. 11-18). Mr. Durr was going to inspect and make any necessary repairs on both his home and his relatives' homes, all of which

are located in Atlanta. *(See attached Exhibit D*, L. 11-16).

Deputy Crane admitted that Mr. Durr was not violating any federal and/or state law when he seized the currency, nor can Deputy Crane state when Mr. Durr received the currency or of what alleged drug transaction the money seized was derived. *( See attached Exhibit C*, p. 2, L. 7-18 and p. 3, L. 1-11). The Verified Complaint For Forfeiture alleges that the "Defendant property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substance Act, 21 U.S.C. § 801." *(See Verified Complaint at* ¶ 36). When propounded with interrogatories, the government could not identify the controlled substance that the money was furnished or intended to be furnished, yet the government made the assertion that the seized money was related to a controlled substance in their complaint. *(See attached Exhibit E,* Interrogatory No.12). This assertion by the government in their complaint is mere speculation and borders on being nothing more than a conjecture by the government. It should be noted that the Harris County Sheriff's Department will receive a percentage of the money seized, if this forfeiture action is successful. *(See Attached Exhibit H, Deposition of Deputy Crane,* L. 8-19). There is no nexus, establishing the money taken from Mr. Durr and any criminal activity associated with said money. Clearly, the government needs more than unsupported allegations to support the seizure of Mr. Durr's money.

**C.     Mr. Durr has a legitimate source for the money seized from his person.**

Another defense is that the seized funds had an independent innocent source and are not traceable to criminal activity. *See United States v. $215,300 United States Currency*, 882 F.2d 417, 420 (9th Cir. 1989). Employment and business income may be proffered as an independent innocent source. *See United States v. Property at 2323 Charms Road*, 726 F. Supp. 164, 169 (E.D. Mich. 1989); *United States v. 228 Acres of Land*, 916 F.2d 808, 812-13 (2d Cir. 1990);

*United States v. Miscellaneous Jewelry*, 667 F. Supp. 232, 240-41 (D. Md. 1987); *United States v. $ 22, 991.00*, 227 F. Supp. 2d 1220, 1228 (S.D. Ala. 2002).  Loans and gifts are also legitimate sources not traceable to criminal activity.  *United States v. Yukon Delta*, 774 F.2d 1432, 1435 (9th Cir. 1985); *United States v. One 1980 Chevrolet Blazer*, 572 F. Supp. 994, 997 (E.D. N.Y. 1983); *United States v. 1990 Chevrolet Silverado Pickup Truck*, 804 F. Supp. 777, 780 (W.D. N.C. 1992); *United States v. A Parcel of Land (92 Buena Vista Ave.)*, 507 U.S. 111, 124 (1993); *United States v. One 1986 Nissan Maxima*, 895 F.2d 1063, 1064 (5th Cir. 1990).

Savings and a cash hoard have also been deemed to be an independent innocent source and are not traceable to criminal activity.  *See United States v. $28,000*, 727 F. Supp. 520, 522 (E.D. Mo. 1989); *United States v. $30,670 in U.S. Funds*, 2002 WL 31093587 (N.D. Ill. 2002); *United States v. One Parcel of Real Property*, 648 F. Supp. 436, 437 (D. Mass. 1986).

Mr. Durr has a legitimate source for the money seized from him on or about October 30, 2010.  The money seized from Mr. Durr was money which he saved and accumulated over a period of time. *(See attached Exhibit F, Deposition of Mr. Durr*, L. 16-21).  Mr. Durr was employed with Adams Beverage in 2004 and was still employed with them at the time his money was seized. *(See attached Exhibit F*, L. 9-25). Mr. Durr also received a loan for $4,500.00 from a financial institution and $5,000.00 from his father in March of 2010. *(See attached Exhibit F*, L. 22-25 and *Attached Exhibit G, Deposition of Mr. Durr*, L. 1-18).  The government has no proof, except unsupported allegations, that Mr. Durr did not save and acquire the seized money from legitimate sources.  Mr. Durr has a right to save his money and keep it in cash on his person or anywhere else he chooses to do so.  The above mentioned sources are all legitimate sources of income from where Mr. Durr acquired the money and he is entitled to a return of all the money seized from him.

## III. CONCLUSION

The Plaintiff has no evidence that the money seized from Mr. Durr has any nexus with any illegal activity. The circumstances of this seizure epitomizes that this is nothing more than the government's attempt at its own personal Wal-Mart. Regardless, Mr. Durr has met and proven that no nexus can be established between the money taken and any criminal activity and that he has legitimate sources for the money.

For the foregoing reasons, Mr. Durr asks that you grant summary judgment and order that all the money seized from him be returned.

Respectfully Submitted,

/s Dustin J. Fowler
Dustin J. Fowler (FOW017)
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301
Telephone: (334) 793-3377
Facsimile: (334) 793-7756

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Danial E. Bennett
Asst. United States Attorney
P.O. Box 1702
Macon, Georgia, 31202

s/ Dustin J. Fowler
Dustin J. Fowler