IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO.  4:11-CV-38 (CDL) |
| | : | |
| v | : | |
| | : | |
| $21,175.00 IN UNITED STATES FUNDS, | : | |
| | : | |
| Defendant Property, | : | |
| | : | |
| Terrance Durr, | : | |
| Claimant. | : | |

PLAINTIFF'S RESPONSE TO CLAIMANT
TERRANCE DURR'S FIRST INTERROGATORIES

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, in accordance with FED. R. CIV P. 33(b)(3) responds to the following interrogatories propounded by Claimant:

**INTERROGATORY NO. 1:**

Please identify the person and/or persons who gave response(s) to the interrogatories?

(a) The name and title of all the people who provided the information; (this is to include law enforcement, non-law enforcement, and any confidential informants and/or confidential sources);

(b) Title of the person(s).

**Response:**

The persons who gave responses to the Claimant's Interrogatories are as follows:

1. Assistant United States Attorney, Danial E. Bennett, U.S. Attorney's Office,

Middle District of Georgia; and

2.    Deputy Drew Crane, Harris County Sheriff's Office.

**INTERROGATORY NO. 2:**

Your verified complaint states that "On October 30, 2010, at approximately 7:37 a.m., Deputy Drew Crane, of the Harris County Sheriff's Office stopped a white Chrysler Sebring for a traffic violation on Interstate 185 North near mile marker 20."

Please identify:

(a)    The specific traffic violation and applicable code section that the Chrysler Sebring was stopped for; and,

(b)    Was a traffic citation and/or warning issued for said alleged violation?  If not, please state in detail the reason as why one was not issued?

**Response:**

On October 30, 2010, Deputy Drew Crane stopped a white Chrysler Sebring because the driver (Jerry Lamar Lett) failed to maintain his lane (O.C.G.A. 40-6-48), and because the vehicle had a  burnt out tag light (O.C.G.A. 40-8-23d).  Deputy Crane issued a warning citation to Mr. Lett for both violations.

**INTERROGATORY NO. 3:**

Your verified complaint stated that "Deputy Crane detected a strong odor of alcohol and marijuana coming from inside the vehicle."  Please identify:

(a)    Any and all controlled substances, marijuana and/or alcohol found on any of the passengers and/or in the vehicle.

**Response:**

During the traffic stop on October 30, 2010, Deputy Crane detected a strong odor of alcohol and marijuana coming from inside of the vehicle.  A search of the vehicle and occupants did not reveal any alcohol or controlled substances, but the K-9 gave a positive alert to the presence of illegal narcotics on both the vehicle and the defendant currency.

**INTERROGATORY NO. 4:**

Were any field sobriety tests administered to Mr. Lett and/or Mr. Durr?  If yes, please state the field sobriety test given, to whom the test and/or tests were given, and the results of such tests.  If no, please state in detail why no field sobriety test and/or tests were given?

**Response:**

Deputy Crane did not administer any field sobriety tests to Mr. Lett or Mr. Durr.

**INTERROGATORY NO. 5:**

If you contend that any portion of the seized money is anything other than legitimate income and/or savings of Mr. Durr, state with particularity each item of evidence upon which you intend to rely to support that contention.

**Response:**

The United States contends that probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate

a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (Doc 1, ¶ 36.) The facts that are the basis for the United States' conclusion stated in Paragraph 36 of the complaint are those facts set forth in the complaint. A copy of all documents/evidence in support of the United States' contention presently available are being provided with this response. Additional facts/evidence may be developed during discovery and presented at trial in support of a verdict in favor of the United States. The United States will identify its witnesses and exhibits it intends to use in the trial of this case, in accordance with the requirements of the Court's pretrial order.

**INTERROGATORY NO. 6:**

For each item you list in response to interrogatory number 5, identify the documents and witnesses through which you intend to establish that fact.

**Response:**

Copies of the following documents/evidence are being provided with this response as follows:

1)      Harris County Sheriff's Office Incident Report, dated October 30, 2011;

2)      Voluntary Consent to Search, dated October 30, 2010;

3)      Voluntary Disclaimer of Interest and Ownership, dated October 30, 2010;

4)      Harris County Sheriff's Office Canine Unit Usage Report, dated October 30, 2010;

5)      Property and Evidence Form, dated October 30, 2010;

6)      Traffic stop video, dated October 30, 2010;

7)      K-9 video, dated October 30, 2010;

4

8)      Receipt for Cash or Other Items, dated November 5, 2010;

9)      Criminal histories of Jerry Lett, printed April 8, 2011;

10)      Drug Enforcement Administration, Report of Investigation, dated November 15, 2010; and

11)      Criminal history of Terrence Durr, printed January 21, 2011.

The names, addresses and telephone numbers of each individual likely to have discoverable information are as follows:

1)      Special Agent Brian C. Black, Department of Justice, DEA, 1246 1st Avenue, Room 401,Columbus, Georgia 31901 (706) 649-7850;

2)      Deputy Drew Crane, Harris County Sheriff's Office, 9825 Georgia Highway 116, Hamilton, Georgia 31811 (706)-628-4211;

3)      Deputy Chris Gilliland, Harris County Sheriff's Office, 9825 Georgia Highway 116, Hamilton, Georgia 31811 (706)-628-4211;

4)      Sergeant David Stanford, Harris County Sheriff's Office, 9825 Georgia Highway 116, Hamilton, Georgia 31811 (706)-628-4211; and

5)      Deputy Duke, Harris County Sheriff's Office, 9825 Georgia Highway 116, Hamilton, Georgia 31811 (706)-628-4211.

Additional witnesses may be added as we prepare our case for trial. Should that occur, Claimant will be notified immediately. A copy of all documents/evidence presently available have been provided with this response, which specify the subject matter in which each person may have knowledge. The United States will identify its witnesses and exhibits it intends to use in the trial of this case, in accordance with the requirements of the Court's pretrial order.

**INTERROGATORY NO. 7:**

State the names, work and home addresses and phone numbers of all persons whom you intend to call as witnesses in this action.  As to each, specify the substance of the matters to which that person will testify and the basis for such witness's testimony.

**Response:**

Please see response to Interrogatory No. 6.

**INTERROGATORY NO. 8:**

You verified complaint states that "Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substance Act, 21 U.S.C. § 801, *et seq.*".  Please state with detail and particularity:

(a)     The alleged controlled substance to be obtained and/or intended to be furnished;

(b)     The weight and/or grams of the alleged controlled substance to be obtained and/or intended to be furnished;

(c)     The date and/or dates the alleged controlled substance was to be obtained and/or intended to be furnished;

(d)     The exact location the alleged controlled substance ws to be obtained and/or intended to be furnished; and,

(e)     From whom you received the information made the basis of your answers and/or where you obtained the information in your answers a-d of this interrogatory.

**Response:**

The Plaintiff is not aware of a specific transaction for controlled substances, however, the discovery in this instant forfeiture action is still in progress.  Additionally, the seizure of the funds in this case was based on the totality of the circumstances.

**INTERROGATORY NO. 9:**

Was this seizure of money ever reviewed and/or presented to an Georgia State Prosecutor(s) and/or any Georgia District Attorney(s) for seizure?  If yes, please identify:

(a)     The name and phone number of the Georgia State Prosecutor(s) and/or Georgia District Attorney(s) to whom it was presented;

(b)     Date and/or dates this matter was presented; and,

(c)     The reason and/or reasons Georgia State Prosecutor(s) and/or Georgia District Attorney(s) did not file seizure on the Defendant Property.

**Response:**

Subsequent to seizing the Defendant Property, the Harris County Sheriff's Office (HCSO) contacted the Columbus office of the United States Drug Enforcement Administration (DEA) and requested that the DEA adopt the seizure for federal forfeiture. On November 4, 2010, the agency approved the adoption for federal forfeiture.

**INTERROGATORY NO. 10:**

Haw Deputy Drew Crane been involved in any forfeiture proceedings, state and/or federal, over the last three (3) years?  If so, please state:

(a)     If the forfeiture proceeding was state and/or federal;

(b)     any and all cases numbers of said proceedings, and

(c)     The race of the person from whom the property was seized in each case.

**Response:**

Plaintiff objects to this request as it is unduly burdensome and not reasonably calculated to lead to the discovery of relevant information.

**INTERROGATORY NO. 11:**

Identify each document in the government's possession, other than the documents produced by claimant in discovery, which contains any information and/or which pertains in any way to the occurrence.  The term "document" refers to any writing, drawing, graph, chart, photograph, audio and/or visual recordings, transcripts, and other data compilations frm which information can be obtained and translated, if necessary, into reasonable usable form.  Each "document" should be identified by a brief description, author and/or maker, date and subject matter.

**Response:**

Please see response to Interrogatory No. 6.

**INTERROGATORY NO. 12:**

Your verified complaint contends that the defendant Property (proceeds) are traceable to a violation of the Controlled Substances Act.  Please identify:

(a)     The alleged controlled substance and/or alleged chemical it is alleged to traceable from;

(b)     The specific date and/or dates Mr. Durr acquired the alleged Defendant Property that is traceable from the alleged controlled substance and/or alleged chemical;

(c)     The specific location and/or locations that the Defendant Property was obtained by Mr. Durr and from who it was obtained; and;

(d)     From whom you received the information, the basis of this information and/or where you obtained the information in your answers a-c of this interrogatory.

**Response:**

The Plaintiff is not aware of a specific transaction for controlled substances, however, the discovery in this instant forfeiture action is still in progress. Additionally, the seizure of the funds in this case was based on the totality of the circumstances.

**INTERROGATORY NO. 13:**

Identify any physical evidence, including but not limited to controlled substance and chemicals, which you intend to use in the trial of this case. As to each, state the date on which it was recovered, the person and exact location from which it was recovered, and the circumstances of the seizure.

**Response:**

A copy of all documents/evidence presently available are being provided with this response. The United States will identify its witnesses and exhibits it intends to use in the trial of this case, in accordance with the requirements of the Court's pretrial order.

**INTERROGATORY NO. 14:**

Were any statements made by Mr. Durr and/or Mr. Lett regarding this matter. If so, please state:

(a)     When the statement(s) were taken;

(b)     Who made the statement(s); and,

(c)      Specifically, what statement(s) was made by whom.

**Response:**

A copy of all documents/evidence presently available are being provided with this response, which includes any statements made by Mr. Durr and Mr. Lett.

**INTERROGATORY NO. 15:**

Have you spoken with Jerry Lett, Cedric Gude and/or Terry Williams.  If yes,

(a)      The name of the person who spoke with said person;

(b)      The date of the conversation; and,

(c)      Any and all statements made during the conversation.

**Response:**

A copy of all documents/evidence presently available are being provided with this response, which includes any statements made by Mr. Durr and Mr. Lett.

I do solemnly declare and affirm under the penalties of perjury that the foregoing responses and objections to Claimant Terrance Durr's First Interrogatories are true and correct to the best of my knowledge, information and belief.

Respectfully submitted this 16th day of December, 2011.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

By: _____

DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.  052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712

## CERTIFICATE OF SERVICE

This is to certify that I have served the Plaintiff's Responses to Claimant Terrance Durr's First Interrogatories by mailing a true and correct copy thereof by Federal Express mail to the following:

>Dustin J. Fowler, Esq.
>Buntin, Etheredge & Dowling LLC
>185 N. Oates Street
>Dothan, Alabama 36301
>Attorney for Claimant Terrance Durr

in a properly addressed envelope, with sufficient postage attached to ensure delivery.

DATED, this December 16, 2011.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

By: _____

DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.  052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712