IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CIVIL ACTION NO.: 4-11-CV-38 ( CDL) |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| $ 21, 175.00 IN UNITED STATES ) | |
| FUNDS, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |
| ) | |
| **TERRANCE DURR,** ) | |
| **Claimant.** ) | |

**CLAIMANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Claimant, Terrance Durr, respectfully submits this statement of material facts as to which there is no genuine issue to be tried:

1. Undersigned previously filed a Motion For Summary Judgment in this matter. Doc. 10 and 11.  In his Motion For Summary Judgment, undersigned including a Statement of the Case.  Doc. 11, ¶ I.  This Statement of Material Facts is similar to the Statement of the Case previously filed.

2. Claimant's full name is Terrance Devon Durr (hereinafter referred to as Mr. Durr).  Claimant has properly asserted his legal right to, claim to and interest in the Defendant Property, which is United States Funds in the amount of $ 21, 175.00 (hereinafter referred to as Funds). Doc. 5, p. 7.; Doc. 1, ¶ 2.

3. On or about October 30, 2010 Mr. Durr and Mr. Jerry Lett (hereinafter referred to

as Mr. Lett) were traveling to Atlanta, Georgia from Ozark, Alabama. Doc. 23, p. 18, L.5-25. The purpose of Mr. Durr's travel to Atlanta was to inquire about his rental home, which was currently in foreclosure. Doc. 20; Doc.23, p. 18, L. 13-25;

4. While on their way to Atlanta, the vehicle that Mr. Durr and Mr. Lett were traveling in was stopped by Deputy Drew Crane (hereinafter referred to as Deputy Crane) of the Harris County Sheriff's Department. Doc. 1, ¶ 8.

5. Deputy Crane approached the vehicle and asked Mr. Lett for his driver's license and proof of insurance, which Mr. Lett Provided. Doc. 1, ¶ 11. Deputy Crane also asked Mr. Durr for his driver's license as well. Doc. 23, p. 22, L. 1-18. Mr. Durr did not have a current driver's license because of his previous DUI conviction, but did have an old identification card and/or license. Doc. 23, p. 26, L. 1-21.

6. Deputy Crane asked and received consent from Mr. Lett to search the vehicle. Doc. 1, ¶ 21. Additionally, Deputy Crane asked and received consent from Mr. Durr to search his person. Doc. 1, ¶ 22.

7. During the search, Deputy Crane recovered United States currency in Mr. Durr's pocket and under the passenger's seat, all of which belongs to Mr. Durr. Doc. 1, ¶¶ 23 and 26.

8. No drugs and/or drug paraphernalia were found in the vehicle, on Mr. Durr or Mr. Lett, nor were Mr. Durr or Mr. Lett arrested for any crime. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11.

9. On October 30, 2011, Deputy Crane seized the Funds as a member of the Harris County Sheriff's Department without any probable cause to believe that the Funds were subject to forfeiture or related to any drug activity. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11; Doc. 24, ¶¶ 8 and 12.

10. The Funds were subsequently seized and retained by the Government agents of the Drug Enforcement Administration (DEA). Doc. 1, ¶ 6.

11. The Government has no legal, legitimate or factually supported claim to the Funds. The Government seized and retained the Funds based upon false, factually unsupported assertion that the Funds are subject to forfeiture. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11; Doc. 24, ¶¶ 8 and 12.

12. The Government is unaware of any evidence that the Funds were derived or acquired from any drug transaction. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11; Doc. 24, ¶¶ 8 and 12.

13. The Government is unaware of any evidence that the Funds were used in any drug transaction, or used to facilitate the purchase of any controlled substance. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11; Doc. 24, ¶¶ 8 and 12.

14. The Government is unaware of any evidence that the drugs were intended to be used to purchase any controlled substance or in any drug transaction. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11; Doc. 24, ¶¶ 8 and 12.

15. The Government is unaware of any evidence that any controlled substance would be furnished in exchange for the Funds. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11; Doc. 24, ¶¶ 8 and 12.

16. Mr. Durr was not charged with any drug offense as a result of the traffic stop on October 30, 2010 or the seizure of the Funds. Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11.

17. The Government is unaware of any evidence that contradicts Mr. Durr's assertion that he intended to use the Funds for anything other than matters related to his rental

home in Atlanta.  Doc. 25, p. 12, L. 20-25, p. 13, 1-8, p. 28, L. 10-24, p. 34, L. 1-11; Doc. 24, ¶¶ 8 and 12.

18.  The Government cannot identify any person who participated in any drug transaction that related to the Funds.  Doc. 24, ¶¶ 8 and 12.

19.  Mr. Durr has a legitimate source for the money seized from him on October 30, 2011.  The money seized from Mr. Durr was money he saved and accumulated over a period of time.  Doc. 23, p. 28, L. 21-15, p. 29, L. 1-25, p. 30, L. 1-25.

/s Dustin J. Fowler
Attorney for Claimant
P.O. Box 1193
Dothan, Al 36301
Telephone: (334) 793-3377
Facsimile: (334) 793-7756

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Danial E. Bennett, Esq.
Asst. United States Attorney
P.O. Box 1702
Macon, Georgia, 31202

s/ Dustin J. Fowler
Dustin J. Fowler