IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Plaintiff, : | |
| : | CASE NO.: 4:11-CV-38 (CDL) |
| v. : | |
| : | |
| $21,175.00 IN UNITED STATES : | |
| FUNDS, : | |
|     Defendant Property, : | |
| : | |
| TERRANCE DURR, : | |
|     Claimant. : | |

**UNITED STATES' RESPONSE TO CLAIMANT DURR'S
STATEMENT OF MATERIAL FACTS**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and submits this response to Claimant's Statement of Material Facts:

1.    The Government agrees that the Claimant previously filed a Motion for Summary Judgment in this matter, and that it included a Statement of the Case that is similar to his Statement of Material Facts.

2.    The Government agrees that the Claimant's full name is Terrance Devon Durr and that he has properly asserted his legal right to, claim to, and interest in the Defendant Property, United States funds in the amount of $21,175.00.

3.    The Government agrees that on October 30, 2010, Mr. Durr and Jerry Lett were traveling by car. However, the Government challenges as an assertion of fact his

statements regarding their destination or purpose for travel. Mr. Durr and Mr. Lett have offered conflicting stories as to their destination, Doc. 1, ¶¶ 16, 30; Aff. Crane, ¶¶ 9, 17, and the Claimant has not adduced sufficient evidence to support his foreclosure theory.

4. The Government agrees that the vehicle Mr. Durr and Mr. Lett were traveling in was stopped by Deputy Drew Crane, of the Harris County Sheriff's Department.

5. The Government agrees that Deputy Crane approached the vehicle and asked Mr. Lett for his driver's license and proof of insurance, which Mr. Lett provided. The Government further agrees that Deputy Crane also asked Mr. Durr for his driver's license, and that Mr. Durr did not provide one. The Government disputes the Claimant's statement that he was carrying an old identification card and/or license. (Doc. 1, ¶ 12; Aff. Crane, ¶ 7.)

6. The Government agrees that Deputy Crane asked for and received consent from Mr. Lett to search the vehicle, and that he asked for and received consent from Mr. Durr to search his person.

7. The Government agrees that during the search, Deputy Crane recovered United States currency in Mr. Durr's pocket and under the passenger seat. The Government partially disputes the statement that all of the currency belongs to Mr. Durr and agrees only that Mr. Durr has filed a timely and proper claim to all of the currency.

8. The Government agrees that no drugs or drug paraphernalia were found in the vehicle, on Mr. Durr, or Mr. Lett, and that neither Mr. Durr, nor Mr. Lett, were arrested for any crime.

9. The Government agrees that Deputy Crane seized the Defendant Property on October 30, 2010, as a member of the Harris County Sheriff's Office. However, the Government disputes the assertion that the seizure was made without probable cause. Numerous factors suggest that the Defendant Property seized from the Claimant was not derived from a legitimate source, including, but not limited to, the following: the odor of narcotics detected on the money and car; Mr. Durr's drug-related criminal history, coupled with Mr. Lett's prior drug conviction; the amount of currency Mr. Durr was transporting and the manner in which it was bundled; his inconsistent statements and suspicious roadside behavior; the lack of a legitimate source for the funds; and the lack of a plausible purpose for transporting the funds. (Doc. 1; Aff. Crane; Aff. Duke.)

10. The Government agrees that the funds were subsequently seized and adopted by the Drug Enforcement Administration. However, the funds are being retained by the United States Marshals Service. (Doc. 1 ¶ 2.)

11. The Government disputes this as a statement of fact. The Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 9, *supra*.

12. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the

Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 9, *supra*.

13. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 9, *supra*.

14. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 9, *supra*.

15. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 9, *supra*.

16. The Government agrees that Mr. Durr was not charged with any drug offense as a result of the traffic stop on October 30, 2010, or the seizure of the funds.

17. The Government disputes this as an assertion of material fact. The Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 9, *supra*, all of which contradict Mr. Durr's assertion that he intended to use the funds for matters related to a house in Atlanta.

18. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of parties to a specific drug transaction, the

Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 9, *supra*.

19.  The Government disputes this as an assertion of material fact, as Mr. Durr has provided no evidence to support his theory of accumulated savings. Further, this statement is contradicted by the totality of the circumstances as set forth in paragraph 9, *supra*.

Dated this February 8, 2012.

                MICHAEL J. MOORE
                UNITED STATES ATTORNEY

By:   s/DANIAL E. BENNETT
      ASSISTANT UNITED STATES ATTORNEY
      GEORGIA STATE BAR NO. 052683
      United States Attorney's Office
      Post Office Box 1702
      Macon, Georgia 31202-1702
      Telephone: (478) 752-3511
      Facsimile: (478) 621-2712