IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO.: 4:11-CV-38 (CDL) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| $ 21,175.00 IN UNITED STATES FUNDS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT PROPERTY. | ) | |
| _____ | ) | |
| TERRANCE DURR, | ) | |
| | ) | |
| CLAIMANT. | ) | |

**DURR'S FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CONVICTIONS AND ARRESTS AND INCORPORATED MEMORANDUM OF LAW**

Claimant, Terrance Durr, ("Durr"), pursuant to Federal Rules of Evidence 609(a) and 403, moves this Honorable Court to enter an Order excluding from the admissible evidence in the upcoming trial in this cause, Durr's convictions and arrests and as grounds therefore states:

**Statement of the Case**

In this case, the United States of America alleges the seized property from Durr is subject to forfeiture pursuant to 21 U.S.C. § 881 (a)(6) because it constitutes 1) Money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) Proceeds traceable to such an exchange ; and/or 3) Money used or intended to be used to facilitate a violation of the Controlled Substances Act.  Durr filed an answer and denied said allegations.

## **Convictions**

Durr admits that he pled guilty to conspiracy to possess with intent to distribute cocaine base on or about June 5, 1996, in the United States District Court for the Middle District of Alabama. Durr was released from confinement on or about June 24, 2007. Additionally, Durr pled guilty in the Circuit Court of Houston County, Alabama in 1994 for possession of a controlled substance. His sentence in the state circuit court case was ran concurrent with his federal sentence.

Federal Rule of Evidence 609 states as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) For a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) Must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) Must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) For any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving–or the witness's admitting–a dishonest act or false statement.

Fed. R. Evid. 609

Federal Rule of Evidence 403 states as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Rule 403 does not act to exclude any evidence that may be prejudicial, but only evidence the prejudice from which substantively outweighs its probative value. Prejudice within the

meaning of Rule 403 involves identifying a special damage which the law finds impermissible. Charles E. Wagner, Federal Rules of Evidence Case Law Commentary, 145 (1996-97) (footnotes omitted).

### a. Nature of the Prior Convictions

Evidence of Durr's criminal convictions is of little probative value, if any. First, none of the prior convictions involved crimes of dishonesty or falsity. Second, the nature of Durr's convictions provide no insight into Durr's propensity to testify truthfully. "Evidence of a prior drug conviction is only minimally probative of a witness' character for truthfulness, if at all." Dover-Hymon v. Southland Corp., 1993 WL 419705, * 6 (E.D. Pa. Sep. 27, 1993).

### b. Age of the Convictions

The drug convictions occurred in 1994 and 1996, more than ten (10) years ago. Durr admits that he was released or about June 24, 2007 for said offenses. Even based on the release date, the fact that more than ten (10) years has passed weighs heavily against admittance. Accordingly, the significant age of these convictions argues against admissibility. See Robinson v. Clemons, 1998 WL 151285, at *3 (holding that although age of convictions diminishes its probative value as to veracity, it does not limit its prejudicial effect). This factor, therefore, strongly supports not admitting the prior convictions in this matter. It should be noted that Durr has not been arrested or convicted for any drug offense since 1996.

### c. Importance of Credibility

Dealing with the importance of Durr's testimony, weighs against admissibility. Durr will testify and explain the source of the seized currency and why he had said currency in his possession. Durr's testimony will dispute the allegations made by Plaintiff in the complaint.

There is no other means capable to introduce the evidence to be offered through his testimony. See generally Jack Weinstein & Margaret Berger, Weinstein's Federal Evidence S 609.0 4[2] [a] [v] (Joseph McLaughlin ed., 2d ed. 1997) (explaining that a lack of other potential sources for the defendant's testimony increases the importance of the testimony).   Consequently, this factor weighs against admissibility.

Further, the burden of demonstrating that the conviction survives the relevant test imposed by Rule 609 is on the party seeking to introduce the conviction.   See, e.g., United States v. Cunningham, 638 F.2d 696, 698 (4th Cir. 1981); United States v. Hendershot, 614 F.2d 648, 652-653 (9th Cir. 1980); United States v. Mahone, 537 F.2d 922, 929 (7th Cir.), cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976).

## Conclusion

All of the factors regarding the probative value of the convictions strongly weigh against admissibility.   Evidence of Durr's criminal convictions is highly prejudicial to his case, specifically based on the fact that his testimony is paramount in this matter regarding the currency at issue.    As such, all evidence of those convictions should be excluded in their entirety based on the risk of unfair prejudice and confusion of the issues under Rule 403.

Respectfully submitted this the 7th day of May, 2012.

/s Dustin J. Fowler
Dustin J. Fowler
One of the Attorneys for Claimant
P.O. Box 1193
Dothan, Al 36301
Telephone: (334) 793-3377
Facsimile: (334) 793-7756

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 7, 2012, I electronically filed the foregoing with Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Danial E. Bennett, Esq.
Assistant United States Attorney
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202

                                                /s Dustin J. Fowler
                                                Dustin J. Fowler