**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA COLUMBUS DIVISION**

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v**<br><br>**$21,175.00 IN UNITED STATES FUNDS,**<br>**Defendant Property,**<br><br>**TERRANCE DURR,**<br>**Claimant.** | : | **CASE NO. 4:11-CV-38 (CDL)** |

---

**BRIEF OF THE UNITED STATES ON FORFEITURE ISSUES**

---

MICHAEL J. MOORE
UNITED STATES ATTORNEY

DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712

June 7, 2012

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES .....................................................................................ii

FACTUAL BACKGROUND ..................................................................................... 1

PROCEDURAL BACKGROUND ............................................................................. 4

BURDEN OF PROOF ............................................................................................ 5

EVIDENCE ESTABLISHING FORFEITURE ........................................................ 7

CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*United States v. $5,173 in U.S. Currency*,
No. 1:05-CV-106 (WLS),
2008 WL 4280369 (M.D. Ga. Sept. 16, 2008) ........ 6

*United States v. $52,000, More or Less, in U.S. Currency*,
508 F. Supp. 2d 1036 (S.D. Ala. 2007)........ 7

*United States v. $67,220 in U.S. Currency*,
957 F.2d 280 (6th Cir. 1992)........ 8

*United States v. $74,700 in U.S. Currency*,
2:06-CV-0736-WKW,
2008 WL 1805432 (M.D. Ala. Apr. 18, 2008) ........ 7

*United States v. $80,633.00 in U.S. Currency*,
No. 2:05-CV-1086-WKW,
2008 WL 1808328 (M.D. Ala. Apr. 21, 2008), *aff'd*,
No. 08-12218, 2009 WL 2414386 (11th Cir. Aug. 7, 2009 ........ 5

*United States v. $103,000.00 in U.S. Currency*,
No. 8:09CV454, 2010 WL 4812979 (D. Neb. Nov. 19, 2010) ........ 6

*United States v. $121,100.00 in U.S. Currency*,
999 F.2d 1503 (11th Cir. 1993)........ 8

*United States v. $125,938.62 Proceeds of Certificates of Deposit*,
537 F.3d 1287 (11th Cir. 2008)........ 6

*United States v. $147,900 in U.S. Currency*,
No. 1:06-CV-197, 2009 WL 903356 (M.D.N.C. Mar. 31, 2009) ........ 6

*United States v. $183,791.00 in United States Currency*,
No. 09-15239, 2010 WL 3096146,
391 Fed. Appx. 791 (11th Cir. Aug. 9, 2010) ........ 8

*United States v. $242,484.00*,
389 F.3d 1149 (11th Cir. 2004)(*en banc*) ........ 6

*United States v. Approximately $19,500 in U.S. Currency*, No. 1:09-CV-00791-LJO-GSA, 2009 WL 3806263 (E.D. Cal. Nov. 12, 2009) ........ 6

*United States v. Carrell*, 252 F.3d 1193 (11th Cir. 2001) ........ 8

*United States v. One 2008 Tahoe4 C* 1500, 2011 WL 176887 (N.D. Ga. Jan. 19, 2011) ........ 6

*United States v. U.S. Currency Totaling $101,207.00*, No. 1:01-CV-162, 2007 WL 4106262 (S.D. Ga. Nov. 16, 2007) ........ 7

**FEDERAL STATUTES**

21 U.S.C. § 881(a)(6) ........ 4, 9

18 U.S.C. § 983 ........ 5

18 U.S.C. § 983(c) ........ 5

18 U.S.C. § 983(c)(2) ........ 7

19 U.S.C. § 1615 ........ n2

**OTHER**

Pattern Jury Instructions (Civil Cases), Basic Instruction No. 6.1, Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit (2000) ........ 5

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | : | **CASE NO. 4:11-CV-38 (CDL)** |
| **V** | : | |
| **$21,175.00 IN UNITED STATES FUNDS,** **Defendant Property**, | : | |
| **TERRANCE DURR,** **Claimant.** | : | |

## BRIEF OF THE UNITED STATES ON FORFEITURE ISSUES

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, in accordance with the Court's April 10, 2012, Order Setting Pretrial Conference, permitting the filing of a trial brief in lieu of proposed findings of fact and conclusions of law, and submits the following Brief of the United States on Forfeiture Issues in support of the forfeiture of the Defendant Property in the above-referenced case.

## I. FACTUAL BACKGROUND[1]

On October 30, 2010, at approximately 7:37 a.m., Deputy Drew Crane, of the Harris County Sheriff's Office ("HCSO") stopped a white Chrysler Sebring for a traffic violation on Interstate 185 North near mile marker 20. (Doc. 1, ¶ 8.) Deputy Crane approached the passenger side of the vehicle to make contact with the driver, later

[1] The information in this section is taken from the United States' Verified Complaint for Forfeiture ("Verified Complaint"). (Doc. 1).

identified as Jerry Lamar Lett ("Lett"). (Doc. 1, ¶ 9.) Upon Lett rolling down the window, Deputy Crane detected a strong odor of alcohol and marijuana coming from inside the vehicle. Deputy Crane also observed a single key in the ignition of the vehicle. (Doc. 1, ¶ 10.) Deputy Crane asked Lett for his driver's license and proof of insurance. When Lett handed him his documentation, Deputy Crane observed that his hand was trembling. (Doc. 1, ¶ 11.) Deputy Crane also observed that the passenger, later identified as Terrance Devon Durr ("Durr"), appeared to be pretending that he was sleeping, and that he had a large bulge in his left front pant's pocket. Upon asking Durr for his driver's license, Deputy Crane observed that Durr then appeared to be completely awake and stated that he did not have one. (Doc. 1, ¶ 12.)

Deputy Crane asked Lett to step out of the vehicle so that he could issue him a warning citation for failing to maintain his lane, and for a burnt out tag light. Lett and Durr looked at each other "bug eyed" before Lett exited the vehicle. (Doc. 1, ¶ 13.) While writing the warning citation, Deputy Crane asked Lett who the vehicle belonged to, and Lett stated that it belonged to his girlfriend's brother. (Doc. 1, ¶ 14.) An inquiry made to the Georgia Crime Information Center revealed that the vehicle was registered to Cedric Deon Gude and Terry Williams, who were not present at the traffic stop. (Doc. 1, ¶ 15.) When asked about his travel itinerary by Deputy Crane, Lett indicated that they were traveling to Sandy Springs, Georgia, to look at some houses, and had been on the road for approximately two to three hours. (Doc. 1, ¶ 16.)

Deputy Crane asked Lett if he was under any type of doctor's care, and Lett indicated that he was currently taking medication for pain. (Doc. 1, ¶ 17.) When asked

by Deputy Crane if Lett had been drinking, Lett laughed and stated that he had not, but Durr had been drinking. Lett further indicated that he had picked Durr up from a club. (Doc. 1, ¶ 18.) Deputy Crane asked Lett if the medication he was taking made him drowsy and Lett stated that they did not. (Doc. 1, ¶ 19.) Based on the strong odor of alcohol and marijuana, Deputy Crane asked Lett if there were any open containers or drugs inside the vehicle. Lett stated that there was not. (Doc. 1, ¶ 20.) Deputy Crane asked for and received consent from Lett to search the vehicle. (Doc. 1, ¶ 21.) Based on Deputy Crane's previous observation of something protruding from Durr's front left pant's pocket, Deputy Crane asked and received consent from him to search his person. (Doc. 1, ¶ 22.) A search of Durr's person revealed a large amount of United States currency in his front left pant's pocket. Durr indicated to Deputy Crane that he had been at the Play Boy strip club located in Dothan, Alabama, all night. (Doc. 1, ¶ 23.) Deputy Crane asked Durr if he had any more currency, and Durr indicated that he did not. (Doc. 1, ¶ 24.)

Deputy Chris Gillilands and Sergeant David Stanford of the HCSO arrived at the scene to provide assistance. (Doc. 1, ¶ 25.) A search of the vehicle revealed a blue and white plastic bag under the front passenger seat which contained a large amount of United States currency. The currency was wrapped in colored rubber bands. (Doc. 1, ¶ 26.) After being asked several times by Deputy Crane who the currency belonged to, Lett motioned towards Durr indicating that it belonged to him. (Doc. 1, ¶ 27.) When Deputy Crane asked Durr if the currency belonged to him, Durr initially hesitated and eventually stated that it did. Durr further indicated that the currency belonged to him, his

father, and his grandmother. (Doc. 1, ¶ 28.) Deputy Crane asked Durr if the currency was bundled in thousand dollar increments, and Durr stated that it was. (Doc. 1, ¶ 29.) When asked by Deputy Crane about their travel itinerary, Durr indicated that they were traveling to Atlanta, Georgia. (Doc. 1, ¶ 30.) When asked by Deputy Crane if they were employed, Lett stated that he was not, and Durr stated that he had been working for Budweiser for the last eight years. (Doc. 1, ¶ 31.) A criminal history records check revealed that both Lett and Durr have had prior arrests and convictions for narcotics violations. (Doc. 1, ¶ 32.) The Defendant Property was seized for a total amount of $21,175.00. (Doc. 1, ¶ 33.) Lett and Durr followed the officers to the HCSO, and received a receipt for the seized currency. (Doc. 1, ¶ 34.) At the HCSO, Deputy Dwight Duke utilized a dog, trained to detect the odor of certain controlled substances, ("K-9") to conduct a sweep of the vehicle and seized currency. The K-9 gave a positive alert to an odor of illegal narcotics on the vehicle and currency. (Doc. 1, ¶ 35.)

## II. PROCEDURAL BACKGROUND

On April 13, 2011, the United States filed a Verified Complaint against the Defendant Property. (Doc. 1). In its Verified Complaint, the United States contends that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 881(a)(6). *Id*. The Defendant Property was arrested and seized pursuant to a Warrant of Arrest In Rem by the United States Marshals Service. (Doc. 2.) The Process Receipt and Return was filed with the Court on April 18, 2011. (Doc. 4.) The Government published notice of this forfeiture, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A Declaration of Publication was filed herein on

June 8, 2011, specifying the details of the Internet publication. (Doc. 7.) On June 3, 2011, Mr. Durr, through his counsel of record, filed a timely Claim to the Verified Complaint in this action, asserting his interest in the Defendant Property, as well as an Answer to the Complaint. (Doc. 5.) The time for discovery and the filing of dispositive motions have expired and the case has been set for a bench trial beginning on June 26, 2012, at 9:30 a.m. The parties submitted a Joint Proposed Pretrial Order to the Court on May 7, 2012, via email, including the witnesses they intend to call and the exhibit lists. The Court entered the Pretrial Order on May 14, 2012.

## III. BURDEN OF PROOF

The Government bears the initial burden of demonstrating that the Defendant Property is subject to forfeiture by a preponderance of the evidence and is governed by Title 18, United States Code, Section, 983. *See* 18 U.S.C. § 983(c) [2]. "A 'preponderance of the evidence' simply means an amount of evidence that is enough to persuade [a jury or the Court] that the Plaintiff's claim is more likely true than not true." Pattern Jury Instructions (Civil Cases), Basic Instruction No. 6.1, Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit (2000).

However, to establish that preponderance of evidence, the Government does not need to show a substantial connection between the Defendant Property and a specific drug transaction, and the Claimant must adduce some evidence that the seized funds were derived from a legitimate source. *See, e.g., United States v. $80,633.00 in U.S.*

[2] Before enactment of the Civil Asset Forfeiture Reform Act ("CAFRA"), the government was required to establish only probable case to believe that the property was subject to forfeiture. See 19 U.S.C. § 1615.

*Currency*, No. 2:05-CV-1086-WKW, 2008 WL 1808328, at *5 (M.D. Ala. Apr. 21, 2008) (quantity of currency, attempt to flee, inconsistent and implausible stories, lack of legitimate income and dog alert established forfeitability after bench trial), *aff'd*, No. 08-12218, 2009 WL 2414386, at *1 (11th Cir. Aug. 7, 2009)*; United States v. $125,938.62 Proceeds of Certificates of Deposit*, 537 F.3d 1287, 1293 n.2, (11th Cir. 2008) (the substantial connection requirement only applies in facilitation cases; it does not apply where the Government's theory is that the property was purchased with the fruits of the crime); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (*en banc*) (in a civil forfeiture case based on drug trafficking, the Government does not have to show a relationship between the property and a particular drug transaction); *United States v. One 2008 Tahoe4 C* 1500, 2011 WL 176887, *7 (N.D. Ga. Jan. 19, 2011) (the Government is entitled to forfeit drug dealer's unexplained wealth as drug proceeds under § 881 (a)(6) without having to trace the property to a specific drug deal); *United States v. $103,000.00 in U.S. Currency*, No. 8:09CV454, 2010 WL 4812979 (D. Neb. Nov. 19, 2010) (claimant and passenger's inconsistent stories, dog sniff, claimant's lack of legitimate income, and quantity of currency sufficient to establish forfeitability at a bench trial); *United States v. Approximately $19,500 in U.S. Currency*, No. 1:09-CV-00791-LJO-GSA, 2009 WL 3806263, at *3 (E.D. Cal. Nov. 12, 2009)(the Government need not show a relationship between proceeds and a specific drug transaction); *United States v. $147,900 in U.S. Currency*, No. 1:06-CV-197, 2009 WL 903356, at *8 (M.D.N.C. Mar. 31, 2009) (court grants summary judgment based on circumstantial evidence that money is drug proceeds; it is not necessary to link the money to a particular drug transaction); *United*

*States v. $5,173 in U.S. Currency*, No. 1:05-CV-106 (WLS), 2008 WL 4280369, at *5 (M.D. Ga. Sept. 16, 2008)(dog sniff, odor of marijuana, quantity of currency carried by unemployed person, and subsequent conviction on drug charges, sufficient to establish substantial connection between seized currency and drug trafficking); *United States v. $74,700 in U.S. Currency*, 2:06-CV-0736-WKW, 2008 WL 1805432, at *4 (M.D. Ala. Apr. 18, 2008) (although the burden of proof is now on the Government, claimant cannot successfully oppose a forfeiture action by pointing to the Government's failure to establish that the seized funds did not have a legitimate source; rather, claimant's failure to offer evidence of a legitimate source is itself probative of the forfeitability of the property); *United States v. $52,000, More or Less, in U.S. Currency*, 508 F. Supp. 2d 1036, 1044 (S.D. Ala. 2007)(quantity of currency, claimant and courier's prior drug arrests, and claimant's lack of legitimate income—as demonstrated by the Government's detailed analysis of his income and expenses for 7 years—sufficient to support summary judgment for forfeiture under section 881(a)(6)); *United States v. U.S. Currency Totaling $101,207.00*, No. 1:01-CV-162, 2007 WL 4106262, at *6 (S.D. Ga. Nov. 16, 2007) (quantity of currency, manner of packaging, use of rental car leased to third party, inconsistent stories, prior drug arrest, presence of loaded handgun, and lack of legitimate income as reflected in tax returns and bankruptcy filings establish connection to drug trafficking).

## IV. EVIDENCE ESTABLISHING FORFEITURE

In determining whether property is forfeitable, the United States is not limited to the evidence that had been gathered at the time the complaint was filed or to those

allegations contained within the complaint and the supporting affidavit. *See* 18 U.S.C. § 983(c)(2) ("the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture").

In evaluating evidence supporting forfeiture, courts must look to the "totality of the circumstances" and "a common sense view to the realities of normal life." *See United States v. $183,791.00 in United States Currency*, No. 09-15239, 2010 WL 3096146 at *2, 391 Fed. Appx. 791, 794 (11th Cir. Aug. 9, 2010)(*citing United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1507 (11th Cir. 1993) (quoting *United States v. Carrell*, 252 F.3d 1193, 1201 (11th Cir. 2001). This standard provides some guidance on the issue of sufficiency and the method by which the evidence is analyzed. "The aggregation of facts, each on insufficient standing alone, may suffice to meet the government's burden." *United States v. $67,220 in U.S. Currency*, 957 F.2d 280, 284 (6th Cir. 1992).

The facts in this case, in their totality, demonstrate a substantial connection between the Defendant Property and illegal drug activity. The factors leading to such contention includes: i) the odor of narcotics detected by the K-9 on both the currency and car; ii) Mr. Durr's drug-related criminal history, coupled with his associate's prior drug conviction; iii) the amount of currency Mr. Durr was transporting and the manner in which it was bundled; iv) his inconsistent statements and suspicious roadside behavior; v) Mr. Durr's inability to provide a legitimate source for the Defendant Property or plausible purpose for transporting it.

## V. CONCLUSION

At trial, the Government will show that the Defendant Property is currency that constitutes: 1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange. The Government further believes that the trial testimony will clearly establish that it has met its burden of proof, and that the Defendant Property is forfeitable by the preponderance of the evidence standard pursuant to 21 U.S.C. § 881(a)(6).

Respectfully submitted, June 7, 2012.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

By: s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712

**CERTIFICATE OF SERVICE**

I, Danial E. Bennett, Assistant United States Attorney, hereby certify that on June 7, 2012, I electronically filed the foregoing Brief of the United States on Forfeiture Issues using the CM/ECF system which will send notification of such filing to:

Dustin J. Fowler, Esq.
Attorney for Claimant Terrance Durr at:
dustinjfowler@hotmail.com

Derek E. Yarbrough, Esq.
Attorney for Claimant Terrance Durr at:
motley@graceba.net

Eric Landon Gay, Esq.
Attorney for Claimant Terrance Durr at:
egay@mchsi.com

MICHAEL J. MOORE
UNITED STATES ATTORNEY

By: s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712