IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 4:11-CV- 38 (CDL) |
| ) | |
| v. ) | |
| ) | |
| $ 21, 175.00 IN UNITED STATES FUNDS, ) | |
| ) | |
| Defendant Property, ) | |
| _____ ) | |
| ) | |
| TERRANCE DURR, ) | |
| ) | |
| Claimant. ) | |

## BRIEF OF THE CLAIMANT ON FORFEITURE ISSUES

**Dustin J. Fowler**
**Buntin, Etheredge & Dowling, LLC**
**One of the Attorneys for Claimant**
**185 N. Oates Street**
**Dothan, Al 36301**
**Telephone: (334) 793-3377**
**Facsimile: (334) 793-7756**

**June 10, 2012**

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………ii

TABLE OF AUTHORITIES…………………………………………………………..iii-v

FACTUAL BACKGROUND…………………………………………………………1-2

PROCEDURAL BACKGROUND……………………………………………………2

BURDEN OF PROOF…………………………………………………………………2-4

EVIDENCE ESTABLISHING FORFEITURE………………………………………….4-6

CONCLUSION………………………………………………………………………..6

CERTIFICATE OF SERVICE…………………………………………………………...7

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Illinois v. Caballes*,
543 U.S. 405, 412 (2005)……………………………………………………………………….5

*United States v. Carr*,
25 F.3d 1194, 1214-1217 (C.A.3 1994)……………………………………………………..5

*United States v. $22,991.00 in U.S. Currency*,
227 F.Supp.2d 1220, 1228 (S.D. Ala. 2002)………………………………………………...3

*United States v. $28,000 in U.S. Currency*,
727 F.Supp. 520, 522 (E.D. Mo. 1989)……………………………………………………...3

*United States v. $30,060.00 in U.S. Currency*,
39 F.3d 1039, 1042, 1044 (9th Cir.1994)……………………………………………….....3-4

*United States v. $30,670 in U.S. Funds*,
2002 WL 31093587 (N.D. Ill. 2002)………………………………………………………...3

*United States v. $49,576.00 in U.S. Currency*,
116 F.3d 425, 427 (9th Cir. 1997)………………………………………………………...4

*United States v. $215,300 in U.S. Currency*,
882 F.2d 417, 420 (9th Cir. 1989)…………………………………………………………3

*United States v. $405,089.23 in U.S. Currency*,
122 F.3d 1285, 1290-91 (9th Cir. 1997)…………………………………………………..4

*United States v. $557,933.89 More or Less in U.S. Funds*,
287 F.3d 66, 77 (2nd Cir. 2002)……………………………………………………………3-4

*United States v. $639,558.00 in U.S. Currency*,
955 F.2d at 714 n.2 (1989)…………………………………………………………………..5

*United States v. A Parcel of Land (92 Buena Vista Avenue)*,
507 U.S. 111, 124 (1993)……………………………………………………………………3

*United States v. 228 Acres of Land*,
916 F.2d 808, 812-13 (2nd Cir. 1990)……………………………………………………..3

*United States v. Miscellaneous Jewelry*,
667 F.Supp. 232, 240-41 (D. Md. 1987)……………………………………………………..3

*United States v. One Parcel (2526 Faxon Avenue)*,
145 F.Supp.2d 942, 951 (2001)……………………………………………………………2-3

*United States v. One Parcel of Real Property*,
648 F.Supp. 436, 437 (D. Mass. 1986)…………………………………………………….3

*United States v. One 1980 Chevrolet Blazer*,
572 F.Supp. 994, 997 (E.D. N.Y. 1983)…………………………………………………...3

*United States v. One 1986 Nissan Maxima*,
895 F.2d 1063, 1064 (5th Cir. 1990)……………………………………………………..3

*United States v. 1990 Chevrolet Silverado Pickup Truck*,
804 F.Supp. 777, 780 (W.D. N.C. 1992)…………………………………………………..3

*United States v. Property at 2323 Charms Road*,
726 F.Supp. 164, 169 (E.D. Mich. 1989)………………………………………………….3

*United States v. Yukon Delta*,
774 F.2d 1432, 1435 (9th Cir. 1985)……………………………………………….…..3

## FEDERAL STATUTES

18 U.S.C. § 983 (c)…………………………………………………………………………..2

## OTHER AUTHORITIES

*Cocaine is Found on the Cash of 8 Non-users*
Orlando Sentinel, June 15, 1992 at A6…………………………………………………...5

*Crimes and Chemical Analysis*,
243 Science 1554, 1555 (1989)…………………………………………………………...5

Jeff Brazil and Steve Barry, *You May Be Drug Free But is Your Money?*...............................5

Debbie M. Price, *Use of Drug-Sniffing Dogs Challenged:*
*ACLU Backs Complaint by Men Whose Pocket Cash is Seized,*
Wash. Post, May 6, 1990, at D1, D6………………………………………………………….5

*In Re One Hundred Two Thousand Dollars: Cash Friendly Civil Forfeiture,*
1993 Utah L.Rev. 971, 979…………………………………………………………………..4-5

R. Siegel, *Intoxication* 293
(1989)…………………………………………………………………………………………5

David B. Smith, *Prosecution and Defense of Forfeiture Cases,*
  ¶ 4.03 at 4-79 (1993)………………………………………………………………………..5

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:11-CV- 38 (CDL) |
| | ) | |
| v. | ) | |
| | ) | |
| $ 21, 175.00 IN UNITED STATES FUNDS, | ) | |
| | ) | |
| Defendant Property, | ) | |
| | ) | |
| TERRANCE DURR, | ) | |
| | ) | |
| Claimant. | ) | |

### BRIEF OF THE CLAIMANT ON FORFEITURE ISSUES

COMES NOW the Claimant, Terrance Durr, by and through his attorney, in accordance with the Court's April 10, 2012, Order Setting Pretrial Conference, permitting the filing of a trial brief in lieu of proposed findings of fact and conclusions of law, and submits the following Brief of the Claimant on Forfeiture Issues in support against the forfeiture of the Defendant Property in the above-referenced case.

### I.   FACTUAL BACKGROUND

On or about October 30, 2010, the Claimant, Terrance Durr ("Durr") and Jerry Lett ("Lett"), were traveling to Atlanta, Georgia from Ozark, Alabama. (Doc. 23, p. 18, l. 5-25). The purpose of Durr's travel to Atlanta was to inquire about his rental home, which was currently in

1

foreclosure. (Doc. 23, p. 18, l. 13-25). While on their way to Atlanta, the vehicle that Durr and Lett were traveling in was stopped by Deputy Drew Crane of the Harris County Sheriff's Department. (Doc. 1, ¶ 8).

Deputy Crane approached the vehicle and asked Lett for his driver's license and proof of insurance, which Lett provided. (Doc. 1, ¶ 11). Deputy Crane also asked Durr for his driver's license. (Doc. 23, p. 26, l. 1-18). Durr did not have a current driver's license because of his previous DUI conviction, but did have an old identification card and/or license. (Doc. 23, p. 26, l. 1-18)**.** Deputy Crane asked and received consent from Lett to search the vehicle. (Doc. 1, ¶ 21). Additionally, Deputy Crane asked and received consent from Durr to search his person. (Doc. 1, ¶ 22). During the search, Deputy Crane recovered United States currency in Durr's pocket and under the passenger's seat, all of which belongs to Durr. (Doc. 1, ¶¶ 23 and 26). No drugs and/or drug paraphernalia were found in the vehicle, on Durr or Lett, nor were Durr or Lett arrested for any crime. (Doc. 25, p. 12, l. 20-25; p. 13, l. 1-8; p. 28, l. 16-25).

## II.   PROCEDURAL BACKGROUND

The Claimant agrees with the procedural background as stated in the Government's trial brief. (Doc. 34, ¶ 2).

## III.   BURDEN OF PROOF

The Government bears the initial burden of demonstrating that the Defendant Property is subject to forfeiture by a preponderance of the evidence and is governed by Title 18, United States Code, Section 983. *See* 18 U.S.C. § 983(c).

2

A claimant need only establish affirmative defenses by a preponderance of the evidence. *See United States v. One Parcel (2526 Faxon Avenue),* 145 F. Supp. 2d 942, 951 (2001). One method of defeating a forfeiture action is by demonstrating that there is insufficient evidence to prove that the property was involved in criminal activity. *See United States v. $557,933.89 More or Less in U.S. Funds,* 287 F.3d 66, 77 (2d Cir. 2002). Unless there is a nexus between the seized property and the alleged criminal activity, the forfeiture will fail. *See United States v. $30,060.00,* 39 F.3d 1039, 1044 (9th Cir. 1994).

Seized funds that have an independent source and not traceable to criminal activity, is a defense to the seizure. *See United States v. $215,300 United States Currency,* 882 F.2d 417, 420 (9th Cir. 1989). Employment and business income may be proffered as an independent innocent source. *See United States v. Property at 2323 Charms Road,* 726 F. Supp. 164, 169 (E.D. Mich. 1989); *United States v. 228 Acres of Land,* 916 F.2d 808, 812-13 (2d Cir. 1990); *United States v. Miscellaneous Jewelry,* 667 F. Supp. 232, 240-41 (D. Md. 1987); *United States v. $22,991.00,* 227 F. Supp. 2d 1220, 1228 (S.D. Ala. 2002). Loans and gifts are also legitimate sources, not traceable to criminal activity. *United States v. Yukon Delta,* 774 F.2d 1432, 1435 (9th Cir. 1985); *United States v. One 1980 Chevrolet Blazer,* 572 F. Supp. 994, 997 (E.D. N.Y. 1983); *United States v. 1990 Chevrolet Silverado Pickup Truck*, 804 F. Supp. 777, 780 (W.D. N.C. 1992); *United States v. A Parcel of Land (92 Buena Vista Ave.),* 507 U.S. 111, 124 (1993); *United States v. One 1986 Nissan Maxima*, 895 F.2d 1063, 1064 (5th Cir. 1990).

Savings and a cash hoard have also been deemed to be an independent innocent source and are not traceable to criminal activity. *See United States v. $28,000,* 727 F. Supp. 520, 522

(E.D. Mo. 1989); *United States v. $30,670 in U.S. Funds,* 2002 WL 31093587 (N.D. Ill. 2002); *United States v. One Parcel of Real Property,* 648 F. Supp. 436, 437 (D. Mass. 1986).

The Plaintiff has no evidence that the money seized from Durr has any nexus with any illegal activity or that it was intended to be furnished for any purpose, other than Durr getting his home out of foreclosure.

## IV.   EVIDENCE ESTABLISHING FORFEITURE

One method of defeating a forfeiture action is by demonstrating that there is insufficient evidence to prove that the property was involved in criminal activity. *See United States v. $557,933.89 More or Less in U.S. Funds,* 287 F.3d 66, 77 (2nd Cir. 2002). Unless there is a nexus between the seized property and the alleged criminal activity, the forfeiture will fail. *See Untied States v. $30,060.00*, 39 F.3d 1039, 1044 (9th Cir. 1994). If the factors in support of forfeiture are circumstantial, the totality of the circumstances must be sufficiently persuasive to demonstrate the required nexus between the specific assets and detailed criminal activity. *See United States v. $405,089.23 U.S. Currency,* 122 F.3d 1285, 1290-91 (9th Cir. 1997).

Some courts also discount the reliability and relevance of a canine alert, especially when there is little evidence beyond the alert. *See United States v. $30,060.00*, 39 F.3d 1039, 1042 (9th Cir. 1994); *United States v. $49,576.00 U.S. Currency*, 116 F.3d 425, 427 (9th Cir. 1997). "Cocaine can be easily transferred simply by shaking hands with someone who has handled the drug: a pharmacist, toxicologist, police officer, or drug trafficker." *In Re One Hundred Two Thousand Dollars: Cash Friendly Civil Forfeiture,* 1993 Utah L.Rev. 971, 979. In fact, "a

single bill used to snort cocaine or mingled with the drug transaction can contaminate an entire cash drawer." Debbie M. Price, *Use of Drug-Sniffing Dogs Challenged: ACLU Backs Complaint by Men Whose Pocket Cash is Seized,* Wash. Post, May 6, 1990, at D1, D6 (citing study of Lee Hearn, chief toxicologist for the Dade County, Florida Medical Examiner's Office). Those bills go on to contaminate others as they pass through cash registers, wallets, and counting machines *$639,558.00,* 955 F.2d at 714 n. 2 (citing *Crimes and Chemical Analysis,* 243 Science 1554, 1555 (1989)); David B. Smith, *Prosecution and Defense of Forfeiture Cases,* ¶ 4.03 at 4-79 (1993). Given that an estimated one out of three circulating bills has been used in a drug transaction, currency contamination comes as no surprise. *$639,558 in U.S. Currency,* 955 F.2d at 714 n. 2 (citing R. Siegel, Intoxication 293 (1989)); *see also* Jeff Brazil & Steve Barry, *You May Be Drug Free, But Is Your Money ? Cocaine is Found on the Cash of 8 Non-unsers. The Test Suggests That a Drug Dog Would Detect Cocaine on Almost Anyone's Money*, Orlando Sentinel, June 15, 1992, at A6 (noting that eight samples of cash taken from a police chief, a circuit judge, a state senator, a mayor, a community college president, the Orlando Sentinel editor, a reverend, and a county chairman, six out of eight samples showed detectable amounts of cocaine that were "well within the range of a drug dog's detection ability").

Further, Justice Souter of the United States Supreme Court, in *Illinois v. Caballes,* 543 U.S. 405, 412 (2005), noted that eighty percent (80%) of all currency in circulation contains drug residue and that a substantial portion of United States currency is tainted with sufficient traces of controlled substances to cause a trained canine to alert to their presence. *See also U.S. v. Carr,* 25 F.3d 1194, 1214-1217 (C.A.3 1994).

The government has no evidence establishing any connection between the Defendant Property and any illegal drug activity, other than mere speculation.

## V. **CONCLUSION**

At trial, the Government will not be able to show that the seized money was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act or that the money is traceable to any illegal exchange. Durr has a right to carry his money on his person, in any amount he chooses, and whenever he chooses. The Government will not be able to meet its burden, and the Defendant Property is due to be returned to Durr.

Respectfully submitted this the 10th day of June, 2012.

/s Dustin J. Fowler
Dustin J. Fowler
Buntin, Etheredge & Dowling, LLC
One of the Attorneys for Claimant
185 N. Oates Street
Dothan, Al 36301
Telephone: (334) 793-3377
Facsimile: (334) 793-7756

6

**CERTIFICATE OF SERVICE**

I, Dustin J. Fowler, hereby certify that on June 10th, 2012, I electronically filed the foregoing Brief of the Claimant on Forfeiture Issues using the CM/ECF system which will send notification of such filing to:

Danial E. Bennett
Assistant United States Attorney

/s Dustin J. Fowler
Dustin J. Fowler

7