IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:11-CV-38 (CDL) |
| | ) | |
| v. | ) | |
| | ) | |
| $ 21,175.00 IN UNITED STATES FUNDS, | ) | |
| | ) | |
| Defendant Property, | ) | |
| | ) | |
| TERRANCE DURR, | ) | |
| | ) | |
| Claimant. | ) | |

**AMENDMENT TO CLAIMANT'S MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL**

COMES NOW the Claimant, Terrance Durr, and files this his Amendment to his Memorandum in Support of Motion For New Trial (Doc. 44). As grounds for said amendment, undersigned counsel would state as follows:

1. Durr filed a motion for new trial and memorandum in support of said motion on July 24, 2012. ( Doc. 43 & 44).

2. On page two (2) of the memorandum, undersigned stated the applicable standard of review is as follows:

> Federal Rule of Civil Procedure 59(a)(2) states as follows:
>
> **Further Action After a Nonjury Trial.** After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Fed. R. Civ. P. 59 (a)(2)

      A motion for new trial should be granted when "the verdict is against the clear weight of the of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *See Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183,1186 (11th Cir. 2001). (quoting *Hewitt v. B.F. Goodrich Co.,* 732 F.2d 1554, 1556 (11th Cir.1984)).

    3.    Undersigned feels that he has an ethical obligation and duty to correct the previously stated standard of review.  Upon further research and review, undersigned asserts the standard of review should be as follows:

> Federal Rule of Civil Procedure 59(a)(2) states as follows:
>
> **Further Action After a Nonjury Trial.**  After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Fed. R. Civ. P. 59 (a)(2)

    A new trial should be granted when the verdict will result in a miscarriage of justice. *See, e.g. Hewitt v. B.F. Goodrich Co.,* 732 F.2d 1554, 1556 (11th Cir. 1984).  In a nonjury case, a motion for new trial should be based upon a "manifest error of law or mistake of fact" and should only be granted for "substantial reasons."  See *Ball v. Interoceanica Corp.,* 71 F.3d 73, 76 (2d Cir. 1995), *cert denied*, 519 U.S. 863, 117 S.Ct. 169, 136 L.Ed.2d 111 (1996) (quoting 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & FRANK W. ELLIOTT, FEDERAL PRACTICE & PROCEDURE § 2804 (2d ed. 1995)).

    Respectfully submitted this the 25th day of July, 2012.

/s Dustin J. Fowler
Dustin J. Fowler
One of the Attorneys for Claimant
P.O. Box 1193
Dothan, Al 36301
Telephone: (334) 793-3377
Facsimile: (334) 793-7756

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25th , 2012, I electronically filed the foregoing with Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Danial E. Bennett, Esq.
Assistant United States Attorney
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202

/s Dustin J. Fowler
Dustin J. Fowler