IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Plaintiff, : | CASE NO. 4:11-CV-38 (CDL) |
| v : | |
| $21,175.00 IN UNITED STATES : FUNDS, : | |
|     Defendant Property, : | |
| TERRANCE DURR, : | |
|     Claimant. : | |

**PLAINTIFF'S RESPONSE TO CLAIMANT'S MOTION FOR NEW TRIAL**

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, hereby opposes the motion for new trial filed by Terrance Durr, through his counsel, Dustin Fowler, Esq., and requests that this Court deny Claimant's motion pursuant to FED. R. CIV. P. 59.

**INTRODUCTION**

On June 26, 2012, this Court held a bench trial regarding the forfeiture of the Defendant Property, to wit: $21,175.00 in United States funds. On June 29, 2012, the Court entered a verdict forfeiting the Defendant Property to the United States of America. The Order held that the United States currency constituted proceeds traceable to an exchange for a controlled substance in violation of the Controlled

Substances Act. The evidence produced at trial was determined by the Court to be sufficient to forfeit the currency and Claimant failed to prove a legitimate source for the currency.

In his motion for a new trial, the Claimant does nothing more than argue that the Court erred in deciding that the weight of the evidence favored forfeiture, and that the Government's evidence at trial was insufficient. Claimant has failed to offer any new facts or evidence, nor provide any argument that the Court made any findings or conclusions that were based on any error of the law or of the facts.

## ANALYSIS OF LAW

### A. Applicable Standard of Review for a New Trial.

Federal Rule of Civil Procedure 59(a)(2) states that "the court may, on motion for a new trial, open the judgment… take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment" after a judgment has been entered in a nonjury trial. FED.R.CIV.P. 59(a)(2). Claimant initially contended that the applicable standard of review for a motion for new trial under Rule 59 was premised on whether "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). However, as Claimant subsequently acknowledged, this standard of review is only applicable for motions for new trial after a jury trial.

A motion for new trial following a nonjury case, should only be granted for "substantial reasons" based upon "manifest error of law or mistake of fact." *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995) (quoting 11 Charles A. Wright, Arthur R. Miller, & Frank W. Elliot, *Federal Practice & Procedure* § 2804 (2d ed. 1995)). *See also Tampa Port Authority v. M/V Duchess*, 64 F. Supp. 2d 1303 (M.D. Fla. 1998); *Baucom v. Sisco Stevedoring*, Case No. 06-0785-WE-B, 2008 WL 2428930 * 3 (S.D. Ala. June 12, 2008). Neither Claimant's initial filing, nor his amended memorandum comes close to satisfying the requirements needed for Rule 59 relief following a bench trial. Instead, Claimant simply disagrees with the Court's findings and seeks a different conclusion. These concerns do not constitute "substantial reasons" for the court to open its judgment, reconsider evidence, and direct the entry of a new judgment. The Claimant has not made any contentions that would be considered distinct or separate from the issues already tried to demand a new trial. "A trial court should not grant a new trial merely because the losing party could probably present a better case on another trial." *Hannover Ins. Co. v. Dolly Trans Freight, Inc.*, Case No. 05-CV-576-Orl-19DAB, 2007 WL 170788 *2 (M.D.Fla. January 18, 2007.)

### B.     Claimant fails to state and apply appropriate burden of proof.

The burden of proof in a forfeiture action requires that the United States establish by a preponderance of the evidence that the defendant property is subject to forfeiture. *United States v. $183,791 in U.S. Currency*, 391 F. Appx. 791, 794 (11th Cir. 2010). The Eleventh Circuit has previously held that the United States "need

3

only show that the money was *related* to some illegal drug transaction." *Id.* (emphasis added). Further, to determine whether the United States has met this burden, the Court looks to the "totality of the circumstances." *Id.*

Then, after the government has met its burden of proof, the claimant may seek to establish by a preponderance of the evidence that the Defendant Property was not used to violate the Controlled Substances Act. *United States v. Carrell*, 252 F.3d 1193, 1201 (11th Cir. 2001). This may be done either by rebutting the United States' evidence that the property was utilized in a drug transaction or by claiming the innocent owner defense, which requires a claimant to demonstrate that he or she has no knowledge of the illegal activities and have not consented to any illegal activities in connection with the property. *Id*. at 1201-03.

In its June 29, 2012 Order, this Court concluded that the totality of the circumstances demonstrated that there was a substantial relationship between the Defendant Property and the illegal drug activity. In fact, this Court listed several factors that led the court to this conclusion in favor of the plaintiff. In his motion, the Claimant provides an unnecessary re-examination of each of these factors. Claimant was provided opportunity to provide evidence and he argued his innocent owner defense. This Court concluded that Claimant failed to meet his burden of proof and entered an order forfeiting the Defendant Property to the United States. Thus, the Government will decline to address further these factors as the Court has already made its determination.

## CONCLUSION

Based on the foregoing, the Claimant has not shown any substantial reason which a new trial should be granted.  The Government respectfully requests that the Claimant's Motion for New Trial be denied.

Dated this August 14, 2012.

                          MICHAEL J. MOORE
                          UNITED STATES ATTORNEY


By:    s/ DANIAL E. BENNETT
        ASSISTANT UNITED STATES ATTORNEY
        GEORGIA STATE BAR NO.  052683
        UNITED STATES ATTORNEY'S OFFICE
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 752-3511
        Facsimile: (478) 621-2712

# CERTIFICATE OF SERVICE

I, DANIAL E. BENNETT, Assistant United States Attorney, hereby certify that on the  14th  day of August, 2012, I electronically filed the within and foregoing **United States' Response to Claimant's Motion for New Trial**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Dustin J. Fowler, Esq., at:
>dustinjfowler@hotmail.com
>Attorney for Claimant Terrance Durr

>>MICHAEL J. MOORE
>>UNITED STATES ATTORNEY

>By:  s/ DANIAL E. BENNETT
>ASSISTANT UNITED STATES ATTORNEY
>GEORGIA STATE BAR NO.  052683
>UNITED STATES ATTORNEY'S OFFICE
>Post Office Box 1702
>Macon, Georgia 31202-1702
>Telephone: (478) 752-3511
>Facsimile: (478) 621-2712