```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

| | |
|---|---|
| United States of America,          * | |
|     Plaintiff,                     * | |
| vs.                                * | |
|                                      | CASE NO. 4:11-CV-38 (CDL) |
| $21,175.00 IN UNITED STATES      * | |
| FUNDS,                               | |
|                                    * | |
|     Defendant Property,              | |
|                                    * | |
| TERRANCE DURR,                       | |
|                                    * | |
|     Claimant.                        | |

## O R D E R

Plaintiff United States of America brought this forfeiture action against $21,175.00 in United States Funds pursuant to 21 U.S.C. § 881(a)(6), and Terrance Durr ("Claimant") filed a claim to the property. After a nonjury trial, the Court found in favor of the Plaintiff and entered an Order of forfeiture on June 29, 2012. Claimant then filed a Motion for New Trial (ECF No. 43).

Under Rule 59(a), the Court may grant a new trial on all or some of the issues "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Further, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take

additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).

Claimant cites to no new evidence and raises no legal arguments that have not been previously considered by the Court. He simply disagrees with the Court's decision. The Court acknowledges that its findings of fact were not demanded as the only conclusions supported by the evidence presented and that another fact finder could have reached a different result. This was not a case that could be decided as a matter of law. Genuine disputes of material fact existed. This Court, as the fact finder, decided that the Government carried its burden of proof as to those disputes based on the evidence presented at trial. The Court reaffirms its previous decision and finds that Claimant has presented no basis for reconsideration of that decision. A new trial is not warranted. Claimant's Motion for New Trial (ECF No. 43) is denied.

IT IS SO ORDERED, this 21st day of August, 2012.

                                             S/Clay D. Land
                                                 CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE